FILED
CLERK, U.S. DISTRICT COURT

March 17, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___KH___ DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:           DATE:      DEPUTY CLERK:
Plaintiff    3/18/15    klh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL RODDY II,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, etc., et al.,<br><br>Defendants. | Case No. CV 15-1889-MMM (RNB)<br><br>ORDER TO SHOW CAUSE |

    Plaintiff currently is incarcerated at George Bailey Detention Facility in San Diego, California. On February 24, 2015, he filed a pro se civil rights complaint in the United States District Court for the Southern District of California, along with a motion to proceed in forma pauperis. Construing the complaint as directed to plaintiff's arrest and charge with a crime in Los Angeles, California, which lies within the venue of the Central District of California, the assigned District Judge issued an Order on March 12, 2015 transferring the case to this district. The District Judge stated in her Order that the ruling on plaintiff's motion to proceed in forma pauperis was being deferred.

    Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the full filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For purposes of this section, the Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and that the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (as amended). The Ninth Circuit also has held that the prior denial of in forma pauperis status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of § 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In Andrews, the Ninth Circuit held that the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar in forma pauperis status for him. See id. Courts in this Circuit have construed Andrews as permitting a district court to raise the issue sua sponte of whether 28 U.S.C. § 1915(g) bars granting a request for leave to proceed in forma pauperis, so long as the Court notifies the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal (by citing the specific case names, numbers, districts, and dates of dismissal for each civil action it considers a "strike" or "prior occasion") and allows the prisoner an opportunity to be heard on the matter before denying the in forma pauperis request and/or dismissing the action. See, e.g., Fkadu v. San Diego City Police Dep't, 2007 WL 4259151, *2-*3 (S.D. Cal. Dec. 4, 2007); Moore v. Thacker, 2007 WL 2900512, *1 (N.D. Cal. Sept. 28, 2007); Weaver v. Inmates In Cell 218 219, 2007 WL 2462153, *1 (N.D. Cal. Aug. 29, 2007); Hines v. Barra, 2007 WL 2462113, *2 (S.D. Cal. Aug. 28, 2007); Weaver v. Mailroom Staff, 2007 WL 3028411, *1-*2 (E.D. Cal. Oct. 24, 2006); Mims v. Sanchez, 2006 WL 2458711, *1-*2 (E.D. Cal. Aug. 22, 2006), Report and Recommendation Adopted by 2006 WL 2849844 (E.D. Cal. Oct. 04, 2006).

The Court's review of plaintiff's prior prisoner actions reveals that plaintiff has had at least four cases that qualify as strikes for purposes of § 1915(g):

    1. <u>Roddy v. State Prosecutor Office-DA, et al.</u>, Central District of California Case No. CV 00-8622-UA (RZ), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on August 28, 2000 <u>inter alia</u> for failure to state a claim upon which relief may be granted.

    2. <u>Roddy v. Los Angeles Police Dept., et al.</u>, Central District of California Case No. CV 06-4464-UA (RZ), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on August 14, 2006 <u>inter alia</u> for failure to state a claim upon which relief may be granted.

    3. <u>Roddy v. California Dept. of Corr., et al.</u>, Central District of California Case No. CV 13-5423-UA (RZ), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on August 9, 2013 <u>inter alia</u> on the ground that the complaint was "frivolous, malicious or fails to state a claim upon which relief may be granted."

    4. <u>Roddy v. California Dept. of Corr., et al.</u>, Central District of California Case No. CV 13-8524-UA (RZ), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on December 5, 2013 <u>inter alia</u> on the ground that the complaint was "frivolous, malicious or fails to state a claim upon which relief may be granted."

Accordingly, plaintiff may proceed <u>in forma pauperis</u> only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055 (9th Cir. 2007) (as amended)

(holding that the § 1915(g) exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Here, plaintiff's claims arise out of his arrest and prosecution in 2003. Plaintiff is not alleging that he was facing imminent danger of serious physical injury at the time the complaint was lodged for filing herein.

IT THEREFORE IS ORDERED that, on or before **April 20, 2015**, plaintiff show cause in writing, if any he has, why his motion to proceed in forma pauperis should not be denied and why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is forewarned that his failure to file a timely response to this Order to Show Cause will be deemed by the Court as consent to the denial of his motion to proceed in forma pauperis and to the dismissal of this action pursuant to 28 U.S.C. § 1915(g).

DATED: March 17, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE